On respondent's motion to vacate judgment and to remand for entry of amended judgment filed November 7, 2002, vacated and remanded with instructions March 6, 2003

# STATE OF OREGON,
*Respondent,*

*v.*

# RUBEN RIOS,
*Appellant.*

C002322CR; A114897

64 P3d 1184

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Erika L. Hadlock, Assistant Attorney General, for motion.

Before Brewer, Presiding Judge, and Wollheim and Kistler, Judges.

BREWER, P. J.

## BREWER, P. J.

The state moved to vacate the judgment convicting defendant of one count of attempted murder and two counts of attempted aggravated murder and to remand for entry of an amended judgment reflecting a single conviction for attempted aggravated murder. In effect, the state concedes that defendant's single assignment of error on appeal is well taken, and defendant does not oppose the motion. We grant the motion.

Defendant was charged with four counts of attempted aggravated murder, as well as other offenses, arising from a single attack on a single victim. The attempted aggravated murder charges were based on the following aggravating factors: count one, murder for hire; count two, felony murder based on first-degree kidnapping; count three, felony murder based on second-degree assault; and count four, felony murder based on first-degree rape. The state dismissed count three. In a bench trial, the court convicted defendant of counts two and four and, on count one, the court convicted him of the lesser-included offense of attempted murder. The court sentenced defendant to 240 months' imprisonment on counts two and four, with the sentences to run concurrently. On count one, the court sentenced defendant to 90 months' imprisonment, to run concurrently with the other sentences.[1]

In a single assignment of error, defendant asserts that the two counts of attempted aggravated murder and the single count of attempted murder should be "expressed in a single consolidated conviction." Defendant contends that the trial court should have entered a single conviction for attempted aggravated murder listing each aggravating factor that supported the conviction.

We accept the state's concession that the appropriate procedure for the trial court to follow would have been to enter one judgment of conviction reflecting defendant's guilt

---

[1] Defendant also was convicted of attempted first-degree rape, attempted first-degree kidnapping, and attempted third-degree assault. Defendant has not appealed from those convictions, and they are not at issue.

of the offense of attempted aggravated murder that described each of the two theories under which defendant was convicted of that offense. *State v. Barrett*, 331 Or 27, 37, 10 P3d 901 (2000). We also accept the state's concession that, under the circumstances of this case, defendant's conviction for attempted murder must be merged on remand with the single judgment convicting him of attempted aggravated murder. Because the circumstances involved a single attack on a single victim, attempted murder is a lesser-included offense of attempted aggravated murder. *See State v. McLain*, 158 Or App 419, 423, 974 P2d 727 (1999) ("murder is a lesser-included offense of aggravated murder"). Accordingly, the amended judgment on remand must not reflect a separate conviction for attempted murder.

Judgments of conviction for attempted aggravated murder (counts two and four) and attempted murder (count one) vacated and remanded for entry of an amended judgment of conviction for attempted aggravated murder providing that defendant was found guilty of attempted aggravated murder both because he personally and intentionally attempted to kill the victim in the course and furtherance of committing first-degree kidnapping and personally and intentionally attempted to kill the victim in the course and furtherance of committing first-degree rape, and for resentencing.